UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GEOFFREY BOWSER,
individually and on behalf of all others　　　　　　　　Case No.
similarly situated,

　　　　　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　　　　　　　　**CLASS ACTION COMPLAINT**
　　　　　-against-　　　　　　　　　　　　　　　　　　**DEMAND FOR JURY TRIAL**

THE CITY OF NEW YORK, and DERMOT F.
SHEA, KEECHANT SEWELL, and EDWARD A.
CABAN, each in his/her individual capacity,

　　　　　　　Defendants.
------------------------------------------------------------x

　　　1.　　Plaintiff, Geoffrey Bowser, by his attorneys, brings this action on behalf of himself and others similarly situated, against Defendants THE CITY OF NEW YORK and DERMOT F. SHEA, KEECHANT SEWELL, and EDWARD A. CABAN (together, the "NYPD Commissioner Defendants"), each in their individual capacity. Plaintiff alleges the following on information and belief except for the facts specifically alleged regarding Plaintiff:

## NATURE OF THE ACTION

　　　2.　　This is a putative class action arising out of the illegal conduct on the part of the NYPD, adopted and/or maintained by each successive NYPD Commissioner Defendant, and permitted by the City of New York ("New York City" or "NYC").[1]

　　　3.　　Plaintiff brings this action to recover damages sustained by him and others similarly situated as a consequence of the illegal process by which the NYPD boots motor

---

[1] Pursuant to New York City Administrative Code, Chapter 2 § 7-201, Plaintiff files the present Complaint after thirty days have elapsed since the demand upon which the present action is founded was presented to the Comptroller for adjustment.

vehicles and then by written policy, not authorized by the law, within two hours, causes them to be towed to a tow pound (either in the Bronx, in Brooklyn, or in Queens, depending on the location of the motor vehicle at the time the boot is placed) without providing any opportunity either (1) to obtain an immediate hearing, as required by Title 34, Chapter 4, Subsection 4-08(a)(9)(v) of the NYC Traffic Rules ("TRCNY"); or (2) to pay the boot fee from the location where the motor vehicle has been booted, as required by New York City Administrative Code § 19-169.2, or any other reasonable opportunity to pay or challenge the boot fee and have the boot removed, in order to avoid having the vehicle towed to the tow pound and having to pay a towing fee, as well as potentially a storage or other fees, penalties, and interest.

## JURISDICTION AND VENUE

4. This action arises under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983, Article I, §12 of the New York Constitution, and by this action, Plaintiff also seeks unjust enrichment on behalf of himself and all others similarly situated.

5. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(4), and 1367.

6. Venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b) because this District includes part of New York City which is a municipal corporation created pursuant to the laws of New York State; because the NYPD Commissioner Defendants were, at all relevant times, residents of New York State and/or acted in the respects relevant to this case in this District; and because a substantial part of the events giving rise to the claims occurred in this District.  Plaintiff also resides in this District.

## PARTIES

7. Plaintiff Geoffrey Bowser is a resident of New York and resides in Brooklyn, Kings County.

8. Defendant New York City is a municipal corporation duly incorporated and existing pursuant to the laws of the State of New York. It is authorized under the laws of the State of New York to maintain a police department, the NYPD, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant New York City is a person for purposes of 42 U.S.C. § 1983 and, at all times relevant to this action, exercised governmental authority in this District.

9. The NYPD Commissioner Defendants – namely, Dermott F. Shea, Keechant Sewell, and Edward Caban – were the NYPD Commissioners during the time periods relevant herein, and each was, during their tenure in office as Commissioner, responsible for the booting and towing policies and/or customs of the NYPD at issue here. Each NYPD Commissioner Defendant was appointed directly by the New York City Mayor serving at the time, and has or had policy-making authority, including, as relevant herein, establishing and/or maintaining the boot-and-tow policy at issue.

10. At all relevant times herein, Defendants have acted under color of state and federal law in the course and scope of their duties and/or functions.

## FACTUAL ALLEGATIONS

11. Every day, hundreds of cars are towed in New York City: some of them are towed by Marshals for unpaid parking tickets, and others are towed by the NYPD for parking violations. Depending on the location of the vehicle at the time it is towed, it may be taken

by the NYPD to one of the three tow pounds currently active in the City: Brooklyn, the Bronx, or Queens, following the closing of the Manhattan pound in late 2020.

12. On April 3, 2023, at approximately 07:16 a.m., a Notice of Parking Violation was issued by a NYPD officer, appearing on the ticket as Complainant Thomas, D., for Plaintiff Geoffrey Browser's motor vehicle (license plate: KTK8320) parked opposite 395 Cumberland St., Brooklyn, New York.

13. Two minutes later, at approximately 07:18 a.m., a Warning form (the "Warning") was placed on Plaintiff's windshield acknowledging that boot No. BK052 was placed on the motor vehicle, immobilizing it, and informing Plaintiff that his vehicle violated the New York City Traffic Rules. The Warning explained that Plaintiff could either pay one hundred and eighty-five dollars ($185.00) at the Brooklyn Tow Pound within two (2) hours of the boot time listed on the Warning, or the vehicle would be towed to said Pound, at an additional fee of $185.00.

> **WARNING**
>
> **This vehicle violates the NYC Traffic Rules & Regulations section 4-08.**
> The resulting obstruction of traffic causes unecessary delays. Pursuant to section 4-08 of those rules, this vehicle has been immobilized. Any attempt to move this vehicle may result in damage to the vehicle.
>
> **ATTENTION**
>
> **You must pay** one hundred & eighty-five dollars **($185.00)** at the Brooklyn Tow Pound **within TWO (2) HOURS** of the boot time listed above. (See address above.)
>
> OR
>
> **Your vehicle will be towed for an additional fee of $185.00**

14. At approximately 09:55 am, Plaintiff's car was towed.

15. The Warning placed on Plaintiff's windshield by the NYPD was pursuant to a written NYPD policy in effect at all times relevant hereto adopted and/or maintained by the

relevant NYPD Commissioner Defendants, and/or by other agents of the NYPD and/or the City of New York on behalf of New York City in clear violation of New York law. This policy fails to provide the possibility of paying the boot fee at the location where the boot is placed and fails to guarantee a reasonable opportunity to challenge the boot before the vehicle is towed. Both of these avenues for avoiding the towing of a booted car and paying of a towing fee are guaranteed by New York City law.

16. New York City Administrative Code § 19-169.2(h) provides: "Any person who has booted a motor vehicle shall release such vehicle within thirty minutes of receiving a request for such vehicle's release; provided, however, that payment of any charge for booting is made at or prior to the time of such vehicle's release. The owner or person in control of a vehicle which has been booted by a licensee or such licensee's employee or agent shall be permitted to pay any charge for booting *at the location where such vehicle was booted* and the licensee, or other person authorized to accept payment, shall accept such payment in person by credit card in accordance with generally accepted business practices." (emphasis added.)

17. This provision of the New York City Administrative Code clearly affords owners of booted motor vehicles the right to pay the boot fee without leaving the vicinity of their vehicle and have the vehicle boot released without it being towed and without having to pay the tow fee. NYPD's written policy, on the contrary, completely ignores this provision and requires motor vehicle owners to travel to the respective tow pound and pay the boot fee in person.

18. Furthermore, and irrespective of Administrative Code § 19-169.2(h), Title 34, Chap. 4, Subsection 4-08(a)(9)(v) of the New York City Traffic Rules ("TRCNY") provides

5

for the right to an immediate hearing: "The registrant, title holder or operator of any vehicle that has been immobilized shall have the right to an immediate hearing during regular business hours at the Parking Violations Bureau in relation to the immobilization."

19. Considering the areas of competence of each tow pound, the procedure afforded by the NYPD for avoiding a tow and tow fee was designed to collect both a boot fee and tow fee in a most substantial number of, if not virtually all, booting situations. For instance, a motor vehicle owner must travel to the Brooklyn tow pound to make payment in person for a vehicle booted in Manhattan on 59th Street and south of that. This means that if a motor vehicle owner is booted on, say, West 58th Street, the only way for the vehicle owner to avoid their vehicle being towed and having to pay a tow fee is if they learned of the boot in sufficient time to travel 11 miles in New York City traffic to downtown Brooklyn, wait on often long lines at the tow pound, and pay the boot fee within two hours of when the vehicle was booted.  This payment procedure is not only unlawful, it is unreasonable as it does not afford a real possibility of avoiding the towing and having to pay a tow fee, let alone challenging the booting before the vehicle is towed.

20. Two hours are utterly insufficient to obtain a hearing at the Parking Violations Bureau and challenge the boot fee or towing fee, making the NYPD's policy a violation of motor vehicle owners' right to Due Process, as protected by the Fourteenth Amendment of the United States Constitution.

21. NYPD's policy is a conscious and calculated choice by the NYPD, the City of New York and/or the NYPD Commissioner Defendants, and/or by other agents of the NYPD and/or the City of New York, who, during all relevant time periods hereto, have ignored the

6

possible lawful alternatives to enforce New York City's parking regulations without trampling on the Constitutional rights of motor vehicle owners.

22. In marked contrast, when vehicles are booted by the NYC Marshal's office as a result of a motor vehicle owner owing more than three hundred and fifty dollars ($350) in parking tickets, the boots the Marshal's office employs contain a keyboard that accepts a code to unlock the boot. The Marshal's office allows motor vehicle owners to pay the outstanding parking tickets and the boot fee online or via phone and, once they do, the Marshal's office provides a code, which when inputted into the keyboard, immediately releases the boot and allows the owner to drive away. In addition, in marked contrast to the NYPD's 2 hour towing window, the Marshal's office affords forty-eight (48) hours to pay a boot fee in this manner before having the vehicle towed to a tow pound.

23. The procedure implemented by the Marshal's office not only affords: i) a method of payment in compliance with New York Administrative Code § 19-169.2(h), by allowing payments without leaving the vicinity of the booted vehicle, it also provides ii) a reasonable opportunity to challenge the boot and avoid a towing fee, by delaying the towing to forty-eight hours after the boot is installed.

24. By comparison, however, the NYPD Commissioner Defendants, or other agents of the NYPD have adopted and/or maintained a policy which violates two provisions of the New York City Administrative Code, in order to ensure that for each act of booting they will receive both the boot fee and the towing fee and potentially related expenses such as storage.

25. When Plaintiff Bowser followed the redemption procedure to retrieve his vehicle at the Brooklyn tow pound, he was surprised with a $499.80 total amount due: a $185.00 boot fee, a $185.00 towing fee, and the balance for storage fees.

26. This policy is not just a money-making scheme for the NYPD and the City of New York, it also constitutes a warrantless illegal seizure of motor vehicles and an excessive fine in violation of the Fourth and Eighth Amendments to the United States Constitution, respectively, and the New York Constitution.

27. The circumstances of such towing do not constitute an exception to the warrant requirement under the Fourth Amendment, because there is no probable cause of criminal activity as a mere NYC parking violation does not give rise to any risk of being imprisoned, nor does the NYPD's Warning that they affix to vehicles they boot warn of such a risk. There is also no safety concern that would require a towing within two hours because, if there was, the vehicle would have been towed immediately without first booting it as the NYC Traffic Law gives the NYPD the right to do. In other words: if the vehicle needed to be removed because it was parked in a manner that was hazardous to traffic or created some other safety issue, the NYPD would certainly not boot the vehicle so that it would have to remain in that same hazardous location for two hours before towing it. Therefore, there is no justification for the warrantless seizure of booted vehicles routinely performed by the NYPD approximately two hours after its booting of the vehicle.

28. Furthermore, the boot-and-tow policy constitutes an excessive fine in violation of the Eighth Amendment. Two penalties imposed for the same alleged violation within two hours of one another are excessive and unjustified because the vehicle owner is not afforded a reasonable possibility to pay the first penalty (the boot) before the second one (the towing) is imposed, as the New York City Administrative Code also requires.

29. As shown by the Marshal's towing policy, vehicles are only booted by the Marshal's office for unpaid parking tickets. In that situation, the motor vehicle owner has

already received previous parking tickets, several notices of the amounts due, and then a additional forty-eight hour window after being booted to remedy the situation: only then can the vehicle be towed. This procedure affords a reasonable time for the vehicle owner to remedy the situation before an additional penalty (the towing fee) is imposed.

30. The boot-and-tow policy utilized by the NYPD is an official, written policy of the NYPD, authorized or maintained by the NYPD Commissioner Defendants as an agent of New York City, and/or by other agents of the NYPD and/or the City, and routinely carried out by NYPD officers or other agents of the NYPD and/or the City, in the deliberate indifference of the Defendants.

31. The City of New York has acted, and continues to act, with deliberate indifference toward the NYPD's booting and towing practice, which violates New York law and the United States Constitution, and has failed to make any meaningful efforts to address the risk of harm to Plaintiffs. The City of New York is therefore liable for such violations.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2) and (b)(3) on behalf of himself and a class (the "Class") consisting of:

> All persons whose motor vehicles were booted by the NYPD and/or an agent thereof and who were not given a reasonable opportunity to pay and/or challenge the booting fee and have the boot removed without leaving the location of their motor vehicle, or any other reasonable method of avoiding having their motor vehicle towed, and who were damaged by having to pay not only a booting fee but also a towing fee and, possibly, storage costs, penalties, and interest.

33. Plaintiff reserves the right to amend the class definition, including the Class's possible division into subclasses, in order to obtain substantial justice for the wrongdoing asserted herein.

34. The Class Period runs from 3 years prior to filing and continues so long as the unlawful policy at issue continues to be enforced.

35. The Class is so numerous that joinder of all members is impractical. The class is reasonably estimated to be composed of more than 50,000 class members. Class members are easily ascertainable from the written records of or under the control of the NYPD or the City of New York.

36. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members. Such common questions include:

   a. Whether Defendants violated New York City Administrative Code § 19-169.2(h) providing that motor vehicle owners shall be permitted to pay any charge for booting at the location where such vehicle was booted;

   b. Whether Defendants violated 34 TRCNY §4-08(9)(v), providing that motor vehicle owners shall have the right to an immediate hearing during regular business hours at the Parking Violations Bureau in relation to the immobilization;

   c. Whether Defendants violated Plaintiff's and the Class members' right to due process under the Fourteenth Amendment of the United States Constitution for failing to provide a reasonable opportunity to pay or challenge the imposed fees;

   d. Whether Defendants violated the Fourth Amendment of the United States Constitution for carrying out a warrantless seizure of Plaintiff's and the Class members' property;

   e. Whether Defendants' boot-and-tow policy constitutes an excessive fine in violation of the Eighth Amendment of the United States Constitution;

  f. Whether Defendants violated the New York Constitution Art. 1 §12 for carrying out a warrantless seizure of Plaintiff's and the Class members' property;

  g. Whether the City of New York is unjustly enriched as a result of this practice.

37. The claims of the Class representative are typical of the claims of the Class members.

38. The entire Class will benefit from the remedial and monetary relief sought by the proposed Class representative.

39. The Class representative will fairly and adequately protect the interests of the class. There are no conflicts of interest between the Class representative and the absent class members, and the Class representative has retained counsel experienced and successful in class action litigation and will vigorously prosecute this action on behalf of the Class.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because: (a) the prosecution of thousands of separate actions would be inefficient and wasteful of legal resources: (b) the members of the class are scattered throughout New York City, and potentially other cities in the United States, and are not likely to be able to vindicate and enforce their constitutional rights unless this action is maintained as a class action; (c) the issues raised can be more fairly and efficiently resolved in the context of a single class action; (d) the resolution of litigation in a single forum will avoid the danger and resultant confusion of possible inconsistent determinations; (e) the prosecution of separate actions would create the risk of inconsistent or varying adjudications with respect to individuals pursuing claims against Defendants which would establish incompatible standards of conduct for Defendants; (f) Defendants have acted and will act on grounds applicable to all class members, making final declaratory and injunctive relief on

behalf of all members necessary and appropriate; and (g) questions of law and/or fact are common to members of the Class.

## FIRST CAUSE OF ACTION

**(Violation of the New York Administrative Code § 19-169.2(h))**

41. Plaintiff asserts this Cause of Action on behalf of himself and the members of the Class against all Defendants and incorporates the above allegations in this cause of action, as though set forth herein.

42. By failing to provide a method of payment of the boot fee that would allow the release of the vehicle at the location where the boot is placed, Defendants have violated New York Administrative Code § 19-169.2(h).

43. As a direct and proximate result of the violations of this provision of the New York Administrative Code detailed herein, Plaintiff and the Class members have suffered damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**(Violation of 34 TRCNY §4-08(9)(v))**

44. Plaintiff asserts this Cause of Action on behalf of himself and the members of the Class against all Defendants and incorporates the above allegations set forth in paragraphs 1 – 40 in this cause of action, as though set forth herein.

45. By failing to provide a reasonable opportunity for motor vehicle owners to challenge the imposed boot fee prior to the towing, Defendants have violated 34 TRCNY §4-08(9)(v).

46.     As a direct and proximate result of the violations of 34 TRCNY §4-08(9)(v) detailed herein, Plaintiff and the Class members have suffered damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

**(42 U.S.C. § 1983 – Violation of the right to Due Process in violation of the Fourteenth Amendment of the U.S. Constitution)**

47.     Plaintiff asserts this Cause of Action on behalf of himself and the members of the Class against all Defendants and incorporates the above allegations set forth in paragraphs 1 – 40 in this cause of action, as though set forth herein.

48.     The towing of Plaintiff and Class members' vehicles by Defendants violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution because the NYPD's policy of providing a two-hour window to pay the boot fee before the car is towed to a tow pound fails to provide a meaningful way to challenge the boot fee, as is permitted under New York law.

49.     The NYPD's policy, practice, and custom of seizing vehicles without judicial process in connection with issuing notices of parking violation, which has been adopted and maintained by the NYPD Commissioner Defendants on behalf of the City of New York and/or by other agents of the NYPD and/or the City of New York, have caused Plaintiff and the members of the Class to be deprived of their rights under the Due Process Clause of the Fourteenth Amendment.

50.     As a direct and proximate result of the misconduct and constitutional violations detailed herein, Plaintiff and the Class members have suffered damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (42 U.S.C. § 1983 – Warrantless Seizure in violation of the Fourth Amendment of the U.S. Constitution)

51. Plaintiff asserts this Cause of Action on behalf of himself and the members of the Class against all Defendants and incorporates the above allegations set forth in paragraphs 1 – 40 in this cause of action, as though set forth herein.

52. Defendants, through their policy of towing cars booted for alleged parking violations, perform a warrantless seizure of Plaintiff's and Class members' vehicles which is unreasonable, unjustified, and unpermitted by the United States Constitution.

53. The NYPD's policy, practice, and custom of effecting warrantless seizures of booted vehicles, which has been adopted and maintained by the NYPD Commissioner Defendants on behalf of the City of New York, and/or by other agents of the NYPD and/or the City of New York, have caused Plaintiff and the Class to be deprived of their Fourth Amendment rights.

54. By implementing, promulgating, enforcing, and/or effectuating a policy, practice and custom pursuant to which NYPD agents routinely seize vehicles without a warrant, without an exception to the warrant requirement, and without any claim of right to possess the vehicle, Defendants have deprived Plaintiff and Class members of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States by the Fourth Amendment of the United States Constitution.

55. As a direct and proximate result of the constitutional violations detailed herein, Plaintiff and the Class members have suffered damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

**(42 U.S.C. § 1983 – Excessive Fine in violation of the Eighth Amendment of the U.S. Constitution)**

56. Plaintiff asserts this Cause of Action on behalf of himself and the members of the Class against all Defendants and incorporates the above allegations set forth in paragraphs 1 – 40 in this cause of action, as though set forth herein.

57. By imposing a second fine (the towing) merely two hours after the first imposition (the boot) for the same alleged violation, Defendants are imposing excessive fines in violation of motor vehicle owners' constitutional rights.

58. As a direct and proximate result of the constitutional violations detailed herein, Plaintiff and the Class members have suffered damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

**(New York Constitution Article I, §12)**

59. Plaintiff asserts this Cause of Action on behalf of himself and the members of the Class against all Defendants and incorporates the above allegations set forth in paragraphs 1 – 40 in this cause of action, as though set forth herein.

60. Defendants' practice of towing Plaintiff's and Class members' vehicles constitutes a warrantless seizure under the New York Constitution.

61. Defendants' warrantless seizure without any claim of right to possess the vehicles violates Article I, § 12 of the State Constitution.

62. Through their conduct, Defendants acted without authority of law, and in abuse of their powers and with the specific intent to deprive Plaintiff and the Class of their constitutional rights secured by the New York Constitution.

63. As a direct and proximate result of these constitutional violations detailed herein, Plaintiff and the Class members have suffered damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### (Unjust enrichment)

64. Plaintiff asserts this Cause of Action on behalf of himself and the members of the Class against the City of New York and incorporates the above allegations set forth in paragraphs 1 – 40 in this cause of action, as though set forth herein.

65. By failing to provide a reasonable opportunity to challenge or pay the boot fee and proceeding to tow the vehicle merely two hours after, the City of New York has been unjustly enriched by collecting double and excessive fines for alleged parking violations.

66. Through this money-making scheme, the City of New York has been unjustly enriched in a material amount, possibly millions of dollars.

67. As a result, the City of New York should be required to disgorge to Plaintiff and the members of the Class who have paid the additional fees for towing, storage, and related costs.

## PRAYER FOR RELIEF

68. WHEREFORE, Plaintiff, on his own behalf and on behalf of all others similarly situated, prays for judgment against Defendants as follows:

16

a. That this Court certify this case as a class action pursuant to Federal Rule of Civil Procedure 23 and appoint Plaintiff and his counsel to represent the Class;

b. Finding that NYPD's policy which has been adopted and maintained by the NYPD Commission Defendants on behalf of the City of New York, and/or by other agents of the NYPD and/or the City of New York, violates United States and New York Constitutions, as alleged herein;

c. Finding that NYPD's policy which has been adopted and maintained by the NYPD Commissioner Defendants on behalf of the City of New York, and/or by other agents of the NYPD and/or the City of New York, violates the New York Administrative Code and the Rules of the City of New York;

d. Finding that the City of New York has been unjustly enriched as a result of their booting and towing policy;

e. Awarding Plaintiff and the members of the Class any amounts they have paid for towing, storage fees, and related expenses;

f. Declaring and ordering that NYPD's policy, practice, and procedures violate the rights of all actual and potential future class members;

g. Enjoining the City of New York and current NYPD Commissioner Defendants and prohibiting such Defendants from engaging further in the policies, practices, and customs complained of herein;

h. Attorneys' fees and costs of this action as provided in 42 U.S.C. § 1983; and

i. Such further relief as the Court determines to be fair and appropriate.

## JURY DEMAND

Plaintiff hereby demands trial by jury to all issues so triable.

Dated: August 16, 2023                                     Rye Brook, New York

/s/ Seth R. Lesser
Seth R. Lesser
Jeffrey A. Klafter
KLAFTER LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
(914) 934-9200
seth@klafterlesser.com
jak@klafterlesser.com

Janet Walsh
LOCKS LAW FIRM PLLC
622 Third Avenue, 7th Floor
New York, NY 10017
(212) 838-3333
jwalsh@lockslaw.com

Matthew J. McDonald
KLEHR HARRISON HARVEY BRAZBURG LLP
5 Penn Plaza, 23rd Floor
New York, NY 10001
215-569-4287
mmcdonald@klehr.com

*Attorneys for Plaintiff*