

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Samantha Schonfeld**
**Administrative Law Division**
Phone: (212) 356-2183
Fax:  (212) 356-2019
sschonfe@law.nyc.gov

January 20, 2026

**BY ECF**
Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Geoffrey Bowser et al. v. City of New York, et al.
23-cv-06183(DG)(VMS)

Your Honor:

We are attorneys in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for Defendant the City of New York[1] in the above-entitled action. Pursuant to the Court's January 14, 2026 Order and Section III (A)(2) of the Court's Individual Practice Rules, Defendant respectfully requests a  pre-motion conference on its anticipated FRCP Rule 56 motion for summary judgment.

On December 12, 2025, the parties completed fact discovery as to Plaintiff. Through the review of deposition testimony and documents produced by the parties, new information has come to light that supports Defendant's anticipated motion.

First, Plaintiff's vehicle was initially towed on April 3, 2023, but it was not recovered from the tow pound until April 10, 2023. See NYC000016. Indeed, Plaintiff waited six days to retrieve his vehicle, resulting in the accrual of daily storage fees. Id. Second, on April 10, 2023, when Plaintiff claims he received the subject summons for parking illegally in violation of Title 34 of the Rules of the City of New York Section 4-08(d), Plaintiff did not request a hearing at the New York City Department of Finance Parking Violations Bureau ("PVB") on the merits of the summons. Rather, Plaintiff paid the fine associated with the subject summons. See

---

[1] By Decision dated July 11, 2025, the Court granted Defendants' motion to dismiss the Amended Complaint with respect to dismissing the claims against the individually-named Defendants.

NYC000016.[2] Third, Plaintiff no longer owns or leases the car at issue in this litigation, or any car for that matter, which moots out his request for injunctive relief seeking to enjoin the City from "engaging further in the policies, practices and customs" associated with the New York City Police Department's boot and tow policy. See Amended Complaint; Pl. Dep. Trans. at 19:11-16. Accordingly, Plaintiff's claims fail.

## Defendant is Entitled to Summary Judgment on Plaintiff's Due Process Claim:

Plaintiff alleges that the City's boot and tow procedure deprives him of due process under the 14th Amendment by failing to provide "immediate" hearings to contest the booting and towing of vehicles. Am. Compl., ¶¶ 47-50. Generally, the Due Process clause requires that individuals receive "notice and opportunity to be heard before the Government deprives them of property." United States v. James Daniel Good Real Prop., 510 U.S. 43, 48, (1993). However, courts have determined that in situations involving illegally parked vehicles, it is impractical to hold pre-deprivation hearings. Santander Consumer USA, Inc., v. Port Authority of N.Y. & N.J., 20-cv-1998 (MKB) 2022 U.S. Dist. LEXIS 138986, at *29 (E.D.N.Y. Aug. 4, 2022). In these situations, the Second Circuit has held that governments may satisfy Due Process by providing meaningful post-deprivation hearings. Giglio v. Dunn, 732 F.2d 1133, 1134 (2d. Cir. 1984). Plaintiff could have challenged the subject summons that led to his vehicle being towed by requesting a hearing before PVB. However, instead of requesting such hearing, Plaintiff paid the fine on the subject summons which indicates a guilty plea. See 19 RCNY § 39-04(c). Summonses, such as the one at issue here, provide individuals with instructions on how to request hearings at PVB. See Bowser000015. Furthermore, Plaintiff testified that he has challenged parking tickets in the past, indicating that he is familiar with the relevant procedures. See Pl. Dep. Trans. at 42:23-43:2 ("So I know I challenged one specifically on Cumberland Street like [] where the subject ticket was. I just don't know if it was the subject ticket one or a prior one in almost the exact same location…"); Pl. Dep. Trans. 43:19-22 ("I believe I've prevailed as an attorney challenging someone else's ticket, but, like in misdemeanor court."). That Plaintiff, an attorney admittedly aware of the relevant procedures for challenging parking violations, failed to avail himself of such opportunity, does not constitute a due process violation.

## Defendant is Entitled to Summary Judgment on Plaintiff's Fourth Amendment Claim:

The Fourth Amendment protects individuals "against unreasonable searches and seizures." Santander Consumer USA, Inc., 2022 U.S. Dist. LEXIS 138986. "Warrantless…seizures are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." United States v. Weaver, 9 F.4th 129, 138 (2d Cir. 2021). One exception applicable here is the community caretaking exception. Vehicles may be taken into custody in the interests of public safety as part of the local government's "community caretaking functions." See South Dakota v. Opperman, 428 U.S. 364, 368 (1976). The Supreme Court has stated that "[t]he authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge." Id. at 369; Gombert v. Lynch, 541 F. Supp. 2d 492, 499. Here, Plaintiff's vehicle was parked illegally in violation of 34 RCNY

---

[2] Pursuant to Title 19 of the Rules of the City of New York ("RCNY") Section 39-04(c), the payment of a fine for a parking violation indicates a guilty plea.

§ 4-08(d). To further the government's interests in protecting public safety and keeping the city streets clear of unnecessary congestion, the NYPD booted and towed Plaintiff's vehicle as part of its community caretaking functions. Plaintiff even recognizes the City's responsibility in keeping the streets clear of traffic. See Pl. Dep. Trans. 48:14-16  ("I like when the streets are clean. Like, I'm not trying to interfere with the City's ability to do its job."). Accordingly, this claim fails.

### Defendant is Entitled to Summary Judgment on Plaintiff's Eighth Amendment Claim

Plaintiff's deposition testimony forecloses his Eighth Amendment claim. The crux of plaintiff's cause of action is that "[b]y imposing two separate fines predicated on one traffic ticket—a booting fine and then a towing fine merely two hours later . . . Defendants are implementing a money-making scheme…." Am. Compl., ¶ 59. Plaintiff's assertion is incorrect because the booting and towing fees at issue here are not unconstitutionally excessive. Of note, between February 2023 and October 2024, Plaintiff received 18 parking tickets. See NYC000121-137; Bowser000015. Yet, Plaintiff was nonplussed by his repeated illegal actions, testifying that "the $65 fines or whatever for parking….every few months [I] would have to pay $65, way cheaper than parking in a parking garage." Pl. Dep Trans. at 45:22-25. As Plaintiff repeatedly violated parking laws on multiple occasions and viewed the repeated $65 fines as simply the cost of doing business, he cannot convincingly claim that two fines of $185.00 each was clearly excessive. Furthermore, a fine is "unconstitutionally excessive if it is grossly disproportional to the gravity of a defendant's offense." Torres v. City of New York, 590 F. Supp. 3d 610 (S.D.N.Y. 2022) (the imposition of two parking tickets in the amount of $115.00 on the same day for the same offense does not constitute an excessive fine under the Eighth Amendment). Similarly here, the imposition of two $185.00 fees is not grossly disproportional to Plaintiff's offense. Plaintiff was required to pay two fees—one for booting and one for towing the illegally parked vehicle. Am. Compl., ¶ 13. After the initial boot was affixed to Plaintiff's vehicle which warranted the imposition of the first $185.00 fee, Plaintiff continued to violate the City's parking rules by remaining parked in a no parking zone, thus warranting the second $185.00 fee for the towing of his vehicle. Even more, Plaintiff kept accruing storage fees because he did not retrieve his car from the tow pound until April 10, 2023 (Bowser000016; NYC000016), six days after it was initially towed. Had Plaintiff retrieved his car earlier, he would not have incurred the majority of the storage fees, which would have significantly lessened the total fee and fine amounts associated with the booting and towing of his vehicle. Thus, Plaintiff's claim fails.[3]

For the reasons stated above, Defendant requests a pre-motion conference to discuss its anticipated motion for summary judgment. Thank you in advance for your consideration of this request.

---

[3] Pursuant to 28 U.S.C. §1367 (c)(3), in the absence of a viable federal claim, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims for unjust enrichment and violations of the New York State Constitution Article I, § 12 and 34 RCNY § 4-08(a)(9)(v). See Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998).

Respectfully submitted,

/s/ Samantha Schonfeld

Samantha Schonfeld
James Cullen
Assistant Corporation Counsels

cc:     Counsel for Plaintiff via ECF