

**KLAFTER | LESSER**

Two International Drive • Suite 350 • Rye Brook, NY 10573
914-934-9200 • www.klafterlesser.com

February 2, 2026

<u>BY ECF</u>
Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Geoffrey Bowser et al. v. City of New York, et al.*, 23-CV-06183(DG)(VMS)

Dear Judge Gujarati:

We write in response to Defendant City of New York's ("NYC") January 20, 2026, letter ("Def. Ltr.") seeking permission to file for summary judgment. NYC's request should be rejected *in toto* because its request is not based on any relevant facts and is little more than an improper second-bite attempt to relitigate the arguments it lost with their motion to dismiss. *See* ECF No. 36 (Magistrate Judge Scanlon's Report and Recommendation ("R&R) and ECF July 11, 2025 Entry (this Court's rejection of Defendants' objections to that R&R and adoption of it).

<u>Plaintiff's Fourteenth Amendment Procedural Due Process Claim</u>

Here, NYC's argument is predicated on Plaintiff's general knowledge of being able to challenge a traffic summons before the PVB. But that knowledge is irrelevant as a matter of law to Plaintiff's procedural due process claim based upon the imposition of the booting and tow fees at issue, for as Magistrate Judge concluded:

> The Court rejects Defendants' argument that the Court should construe the notice of the right to a hearing as to the fine for the Ticket as notice of the right to challenge the boot and tow fees at the same hearing. Notice that a person can challenge one particular fee or violation cannot reasonably be understood to be notice of a right to challenge other fees. The omission of a notice may have very real consequences for the person accused of the violation. An individual, such as Plaintiff, may make the calculus that challenging a $60.00 fine for a ticket may not be worthwhile but may decide, if given notice of the right to a hearing to challenge a $185.00 boot fee, $185.00 tow fee, and/or related storage fees, that engaging in such hearing process would be worthwhile. If notice of the right to a hearing provides the recipient with notice of the right to challenge only some, but not all, of the subject matters at issue, the notice is of no value to the recipient as to the subject matter not included in the notice, such that Defendants' argument is unpersuasive.

NEW YORK • NEW JERSEY • WASHINGTON, DC

Honorable Diane Gujarati
February 2, 2026
Page 2 of 3

R&R at 14. This is an objective standard,[1] and objectively, none of NYC's supposed relevant facts change the fact that, as Magistrate Judge Scanlon found, and Plaintiff will prove at trial, no specific notice was provided of the ability to challenge the booting and towing fees at issue pre- or post-deprivation, as is required. Thus, NYC's intended motion as to this claim has to fail.

Plaintiff's Fourth Amendment Unreasonable Seizure Claim

The same is also true of NYC's request to move for summary judgment as to Plaintiff's Fourth Amendment seizure claim. Here, NYC advances the identical "community caretaking function" argument it put forth in its motion to dismiss. *Compare* ECF No. 33 at 15-17 (Defendants' motion to dismiss) *with* Def. Ltr. at 2-3.

Magistrate Judge Scanlon properly rejected those arguments and held that the reasonableness of the seizure is a factual matter, that includes the reasonableness of the seizure under the community caretaking function, which could not be resolved on a motion to dismiss. (R&R at 17). But the discovery that has since been taken actually forecloses application of the community caretaking function. The community caretaking function concerns "[t] he authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety." R&R at 17. Vehicles are only booted where the vehicle neither impedes traffic nor threatens public safety, as NYC cannot deny. *See* NYC's Statement of Material Facts Nos. 18 and 19. Thus, because Plaintiff's vehicle was booted, neither interest applies here. Plaintiff's Statement No. 12.

In fact, all NYC points to (1) is the violation on the parking ticket issued to Plaintiff, but that shows his vehicle presented a low priority traffic violation for which vehicles are booted (NYC's Statement Nos 20-21) – the very definition of not presenting an impediment to traffic or imminent public safety – and (2) Plaintiff's testimony about his concurrence in the need for clean streets. Neither has anything to do with whether the location of where Plaintiff's vehicle was parked and booted presented a traffic or safety issue, and, to the contrary, all the foregoing evidence shows it did not. Therefore, NYC cannot possibly prevail on a motion for summary judgment predicated on its community caretaking defense to this claim.

Plaintiff's Eighth Amendment Excessive Fines Claim

Remarkably, NYC even argues that it can obtain summary judgment on the excessiveness of the combination of fines at issue, which is also a reasonableness question that is most certainly a matter not determinable on a motion for summary judgment:

> On the limited record here, on a motion to dismiss, the Court cannot conclude that the monies assessed are reasonable fees rather than excessive fees. In alleging that the NYPD's policy is designed to collect the amount of the ticket, a booting fee, a towing fee and storage fees, where either the amount of the ticket and a booting fee or the amount of the ticket, a towing fee and storage fees could be appropriate,

---

[1] The standard is that the "notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance." R&R at 12.

Honorable Diane Gujarati
February 2, 2026
Page 3 of 3

> Plaintiff sufficiently pleads that the combination of such fines is grossly
> disproportionate to a single parking violation.

R&R at 25.  Nothing has changed since the R&R.  NYC points to is Plaintiff's payment of other $65 parking tickets, none of which led to the booting or towing of his vehicle, but this is wholly irrelevant to the determination of whether the combined boot and towing fees are grossly disproportionate to a single parking violation, which determination is an *objective* one.  It therefore also does not matter how the combination of fines at issue here compares to the aggregate amount of parking tickets Plaintiff paid.  *U.S. v. Bajakajian,* 524 U.S. 321, 323 (1998).  And, it matters even less that Plaintiff might have had the financial wherewithal to pay the $499.80 to retrieve his vehicle from the tow pound; constitutionally excessive fines are not measured by a citizen's individual financial abilities but, of course, are again objective.  *Id.*

Injunctive Relief

Lastly, NYC contends that because Plaintiff no longer owns a car, he cannot seek injunctive relief.  This is almost frivolous and not just because it is premature because no liability determination has been made. Plaintiff continues to be subject to the same allegedly unconstitutional policy at issue because, as he testified, he now rents cars as needed.  Bowser Tr. 47:7-24.  Most certainly, therefore, he could be unlawfully subject to tow, booting and storage fees since, after all, NYC does not only boot and tow vehicles when they are parked by their title owners.  Yet, further, there has been no discovery as to the pervasiveness of NYC's boot and tow policy and that is a matter directly relevant to whether injunctive relief may be obtained on behalf of the proposed class.  *See Floyd v, City of New York,* 283 F.R.D. 153, 170 (S.D.N.Y. 2012) ("the frequency of alleged injuries inflicted by the practices at issue here creates a likelihood of future injury sufficient to address any standing concerns.").

In short, the discovery NYC has been accorded as to Plaintiff himself has not even come close to adducing a record of undisputed factual matters relevant to the determination of the validity of any of Plaintiff's claims.

Rather than waste time on a motion which has no merit, it is time to move to discovery as to class and damage issues, class certification, and then to trial if this action cannot otherwise be resolved.  Indeed, as Magistrate Judge Scanlon ordered on January 21, 2026, after noting that the Defendants are seeking a pre-motion conference on dispositive issues that: "'the Court will evaluate whether further discovery,' namely discovery as to the putative class, 'should proceed at [this]... time'; as such, by 2/10/2026, the parties are to file a joint letter with a proposal for further discovery."  ECF January 21, 2026 Entry.

Respectfully submitted,

Jeffrey A. Klafter

Cc:    All counsel of record (via ECF)

NEW YORK • NEW JERSEY • WASHINGTON, DC