# KLAFTER | LESSER

Two International Drive • Suite 350 • Rye Brook, NY 10573
914-934-9200 • www.klafterlesser.com

February 10, 2026

BY ECF
Magistrate Judge Vera M. Scanlon
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    Geoffrey Bowser et al. v. City of New York, et al., 23-CV-06183(DG)(VMS)

Dear Magistrate Judge Scanlon:

This letter is being submitted on behalf of all parties pursuant to Your Honor's January 21, 2026 Text Order to address whether class and other non-individual discovery should proceed at this time. We have met and conferred with defense counsel and below set forth our respective positions.

PLAINTIFF'S POSITION

It is plaintiff's position that class and damage related discovery should proceed now as the City of New York ("NYC") has no valid basis for moving for summary judgment. As set forth in plaintiff's February 2, 2026 response to NYC's request for a pre-motion conference (ECF No. 49), NYC's intended motion for summary judgement "is not based on any relevant facts and is little more than an improper second-bite attempt to relitigate the arguments it lost with their motion to dismiss." It is for this reason that while Plaintiff recognizes that requests to be permitted to file for summary judgment are often granted, Plaintiff has requested that Judge Gujarati not waste time on a motion which has no merit, and instead allow discovery to proceed now under Your Honor's guidance.

For instance, NYC's intended motion for summary judgment as to Plaintiff's Fourteenth Amendment procedural due process argument is grounded in Plaintiff's general knowledge of being able to challenge a traffic summons before the PVB. But Your Honor specifically held that such knowledge is irrelevant as a matter of law. *See* Report and Recommendation (R&R) at 14. Or, as to Plaintiff's Fourth Amendment unreasonable seizure claim, the community caretaking defense on which NYC's intended summary judgment motion is based has been repudiated by the very discovery in the case – namely, that it cannot apply to booted vehicles because they are booted where the vehicle neither impedes traffic nor threatens public safety. *See* NYC's Statement of Material Facts Nos. 18 and 19. No less so, NYC's summary judgment contention as to Plaintiff's Eighth Amendment Excessive Fine claim is based principally on a subjective factor (that is, how much money he could personally afford) where the standard, is an objective one of reasonableness as to whether the combination of such fines is grossly disproportionate to a single parking violation. A constitutional violation is not dependent on a single person's ability to pay. *See U.S. v. Bajakajian,* 524 U.S. 321, 323 (1998). Similarly, the amount of parking tickets plaintiff has paid in the aggregate has no bearing on whether the combination of fines is disproportionate to a single parking violation.

Thus, even should Judge Gujarati allow NYC to move for summary judgment as to any of these claims, the chances that NYC would prevail on all of them is so remote that discovery should not be put on hold during such motion practice. This matters because irrespective of which claim

Magistrate Judge Vera M. Scanlon
February 10, 2026
Page 2 of 3

would survive, class discovery would be the same: it would focus on the requirements for class certification, which include the number of class members, the commonality of their claims and the ability to identify the members of the proposed class. Damage discovery would substantially be the same as the proposed class only includes persons who paid both a booting and towing fee. Nor would any of this discovery be unduly burdensome because much, and possibly all of, this information should be able to be produced in spreadsheet or other electronic form. Such discovery should therefore proceed now even if NYC's motion goes forward.

DEFENDANTS' POSITION

Discovery regarding the putative class is not necessary at this time. On December 12, 2025, the parties completed fact discovery as to Plaintiff. Thereafter, on January 20, 2026, Defendant filed a letter-motion requesting a pre-motion conference on its anticipated motion for summary judgment and a Rule 56.1 Statement of Material Facts. See ECF Nos. 46 and 48.[1]

To date, Defendant has produced all relevant documents in its possession regarding Plaintiff and the New York City Police Department's ("NYPD's") Boot and Tow Policy and produced a FRCP 30(b)(6) witness whom Plaintiff deposed. Similarly, Plaintiff's counsel produced documents relevant to Defendant's document requests and produced Plaintiff for a deposition. Accordingly, Defendant submits that it has the information necessary to move for summary judgment with respect to Plaintiff.

In the interest of judicial economy and to limit potentially unnecessary litigation costs, Defendant submits that briefing and resolution of its anticipated motion for summary judgment should occur prior to any class discovery. Indeed, if Defendant were to prevail on its motion for summary judgment, all claims asserted by Plaintiff would be disposed, thereby rendering him inadequate as a class representative. "[C]ourts recognize that class discovery threatens to be especially expensive and burdensome." Walsh v. Nelnet Servicing, LLC, No. 1:24-cv-04325 (DEH), 2024 U.S. Dist. LEXIS 207394, at * 5 (S.D.N.Y. Nov. 12, 2024). Here, Plaintiff claims "more than 50,000 class members" were subject to the NYPD's Boot and Tow Policy. See Amended Complaint ¶ 35. As the procedural posture of this case could drastically change if Defendant is successful on its dispositive motion, to order class discovery at this time would be overly burdensome. See Recovery Effort Inc. v Zeichner Ellman & Krause LLP, 19-cv-5641(VSB)(KHP), 2025 U.S. Dist. LEXIS 217020, at * 6 (S.D.N.Y. Nov. 4, 2025) ("it would be most prudent to avoid the costly expenses of discovery while a dispositive motion is being decided.").

Accordingly, Defendant respectfully requests the opportunity to brief its motion for summary judgment as to Plaintiff and to receive a decision on its motion before this Court considers whether to authorize class discovery in this case.

---

[1] A pre motion conference has been scheduled for February 25, 2026 before the Honorable Diane Gujarati.

Magistrate Judge Vera M. Scanlon
February 10, 2026
Page 3 of 3

Respectfully submitted,

*Jeffrey Klafter*

Jeffrey A. Klafter

Cc:     All counsel of record (via ECF)