# KLAFTER|LESSER

Two International Drive • Suite 350 • Rye Brook, NY 10573
914-934-9200 • www.klafterlesser.com

March 11, 2026

**BY ECF**
Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    *Geoffrey Bowser et al. v. City of New York, et al.*, 23-CV-06183(DG)(VMS)

Dear Judge Gujarati:

I am the principal counsel responsible for representing plaintiff in the above-referenced action and am writing on behalf of all parties pursuant to the Court's February 25, 2026, Minute Order to present the respective positions of the parties regarding the timing of Defendants requested motion for summary judgment and class discovery.

## PLAINTIFF'S POSITION

As we explained by our February 2, 2026, letter in response to Defendants' request to file a summary judgment motion (ECF 49) and as further explained during the February 25, 2026 Pre-Motion Conference, it is Plaintiff's position that addressing Defendants' intended motion for summary judgment would be virtually a complete waste of time as it has effectively no chance of success.  To summarize:

1. Defendants' intended basis for moving for summary judgment as to Plaintiff's Fourteenth Amendment Procedural Due Process Claim is foreclosed by the prior rulings on Defendant's motion to dismiss and hence is foreclosed by the law of this case;

2. Defendants' intended basis for moving for summary judgment as to Plaintiff's Fourth Amendment Unlawful Seizure Claim is foreclosed by the testimony of Defendant's own 30(b)(6) witness; and

3. Defendants' intended basis for moving for summary judgment as to Plaintiff's Eighth Amendment Excessive Fee claim has no bearing on the objective nature of this claim and presents a question of fact that must be resolved by the trier of fact in this case.

Indeed, regarding issues 1 and 2, it is Plaintiff who has solid grounds for moving for summary judgment, but Plaintiff cannot do so before a class is certified due to the principle of one-way intervention.  *See DDMB, Inc. v. Visa, Inc.* 2021 WL 6221326 at *10 (E.D.N.Y. Sept. 27, 2021) ("The one-way intervention problem arises when a decision on certification of an opt-out class is deferred until after a decision on the merits, which enables potential class members to 'wait[ ] on the sidelines' for a merits determination and then choose to remain in or opt out of the

New York • New Jersey • Washington, DC

Honorable Diane Gujarati
March 11, 2026
Page 2 of 2

class once certified in a way that benefits them"), a concern raised in the Advisory Committee Notes to Rule 23(c)(3).  The time at which all summary judgment motions should be heard should therefore be after a ruling on class certification, which would be made after the completion of class discovery.  *DDMB, Inc.,*  2021 WL 6221326 at *11 ("In view of the arguments concerning opt-out rights and the potential for an ensuing one-way intervention problem, the Court decides the class certification motion before considering the summary judgment motions.") Defendants' proposal that class discovery and their intended motion for summary judgment should go forward together raises this very problem and otherwise invites a balkanized summary judgment procedure, which this Court should not permit.

Magistrate Judge Scanlon has just scheduled a conference to discuss the issue of commencing class discovery for March 25, 2026 at 2:45 PM.  This issue should be resolved before this Court determines the timing of any motion by Defendant for summary judgment.

DEFENDANT'S POSITION

On February 10, 2026, the parties filed a joint letter setting forth their respective positions on class discovery.  See ECF No. 52. The parties are scheduled to appear before Magistrate Judge Scanlon on March 25, 2026 where it will likely be decided whether class discovery should proceed at this time.

Separately, and after consultation with our client, Defendant respectfully requests the opportunity to brief its dispositive motion for summary judgment concurrently with class discovery, should Magistrate Judge Scanlon rule in Plaintiff's favor. Indeed, class discovery has no bearing on the underlying merits of the legal claims asserted by Plaintiff in this action. Rather, class discovery specifically focuses on whether the instant action meets the requirements of commonality, typicality and numerosity. See FRCP Rule 23. Here, any documents exchanged during class discovery will have no impact on Plaintiff's Fourth, Eighth or Fourteenth Amendment causes of action. Accordingly, even if Magistrate Judge Scanlon finds that class discovery should proceed at this time, Defendant respectfully requests the opportunity to file its motion for summary judgment as well.

Respectfully,

Jeffrey A. Klafter

Cc:    All counsel of record (via ECF)

NEW YORK • NEW JERSEY • WASHINGTON, DC